UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENYOU GAO,<br><br>　　Petitioner,<br><br>　v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD LYONS, Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>　　Respondents. | No. 1:26-cv-00687-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Zhenyou Gao is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v.*

1    *Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the
2    petition. Doc. 6. Respondents state that they "are not aware of substantially distinguishable
3    factors between this case and the Court's prior orders." *See* Doc. 10 at 1. The Court has
4    addressed respondents' arguments in its prior cases.

5    As respondents have not made any new legal arguments and have not identified any
6    factual or legal issues in this case that would distinguish it from the Court's prior decisions in
7    *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.
8    Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302
9    (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL
10   3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK
11   (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is
12   GRANTED as to claim two, for the reasons addressed in those prior orders.[1]

13   Respondents are ORDERED to release petitioner immediately. Respondents are
14   ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
15   and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
16   petitioner is a flight risk or danger to the community such that her physical custody is legally
17   justified.

18   The Clerk of Court is directed to close this case and enter judgment for petitioner.

20   IT IS SO ORDERED.

21   Dated:   February 2, 2026                              _____
                                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief she seeks based on the Court's ruling on claim two.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28